UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THORNON TALLEY,

        Plaintiff,

v.                                                             Case No. 06-C-909

JAMES DOYLE, et al.,

        Defendants.

## ORDER

Plaintiff, who is serving a civil commitment under at the Wisconsin Resource Center under Wis. Stat. Ch. 980 (Sexually Violent Person Commitments), has filed an action under 42 U.S.C. § 1983. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff filed the required affidavit of indigence. Upon review of that affidavit, it appears that plaintiff could not pay any portion of the filing fee. And because plaintiff is under a civil commitment, as opposed to serving a sentence for a crime, he is not a prisoner within the meaning of the Prison Litigation Reform Act and 28 U.S.C.§ 1915's provisions requiring the assessment and

collection of the full filing fee over time do not apply. *West v. Macht*, 986 F. Supp. 1141, 1142 (W.D. Wis. 1997). Thus, *in forma pauperis* status will be granted.

Though inmates who are involuntarily committed, rather than convicted, are not deemed prisoners under the Prison Litigation Reform Act, I nevertheless maintain a duty to "screen" all complaints to ensure that they comply with the Federal Rules of Civil Procedure and that they state at least plausible claims on which relief may be granted. I therefore turn to the allegations of plaintiff's complaint.

Plaintiff's complaint bears a strong resemblance to other complaints filed in this court. Its central thrust is that the state defendants are violating the plaintiff's due process and privacy rights by essentially treating the plaintiff like a prisoner. He asserts that he is not given the least restrictive means of confinement, he is subject to random search, and his mail is opened just like the mail of normal inmates. Friends, family, attorneys, even clergy, must fill out phone contact forms before calling, and the same is true before personal visits are allowed. He must occasionally provide random urine samples, and he is denied the ability to engage in standard fiscal transactions such as using credit cards or writing personal checks. He cannot wear the clothing of his choice, and his ability to obtain reading materials and videos is restricted by security and safety considerations.

These allegations, however, do not state a claim for relief in and of themselves. It is true that a state may not impose punishment on a person under a civil commitment simply because of the commitment. *Youngberg v. Romeo*, 457 U.S. 307, 316 (1982). But as the Supreme Court noted in *Bell v. Wolfish* in connection with pretrial detainees who likewise may not be subjected to punishment, the effective management of a facility where individuals are involuntarily detained justifies the imposition of conditions and restrictions that bear a marked resemblance to those faced

2

by prisoners serving sentences for a crime. 441 U.S. 520, 540 (1979). *See also Allison v. Snyder,* 332 F.3d 1076, 1079 (7th Cir. 2003) ("[P]retrial detainees, who like civil committees may be held for security reasons but not punished, may be assigned to prisons and covered by the usual institutional rules, which are designed to assure safety and security."); *Laxton v. Watters,* 348 F. Supp.2d 1024, 1031 (W. D. Wis.2004) ("However, ch. 980 patients may be subjected to conditions that advance goals such as preventing escape and assuring the safety of others."). Because the complaint states only that plaintiff's conditions of confinement equal those of traditional convicts and there is no indication that the conditions serve as impermissible punishment in violation of the Eighth Amendment (or Due Process Clause), most of the complaint will be summarily dismissed for failure to state a claim. Limiting telephone calls and visits to pre-approved individuals is reasonably related to security, as are the screening of mail, random room searches and urinalysis. Likewise, controlling detainees' access to money, checks and credit cards, and requiring them to wear uniforms and limiting their personal property is essential for security of such an institution. Accordingly, these claims will be dismissed.

The complaint also alleges that plaintiff is being coerced into consenting to "open-ended" and constantly changing "experimental" and "non-traditional" treatment and that, if he refuses to participate, he is punished through the withdrawal of rights, the imposition of more restrictive conditions and, ultimately, the indefinite continuation of his custody, even if he no longer exhibits a need for treatment. Based upon these allegations, plaintiff claims violations of his right to substantive due process.

I reject plaintiff's claim that the defendants violated any right guaranteed by the constitution by, in effect, providing strong incentives for him to participate in treatment. The whole point of

3

plaintiff's commitment is that he is dangerous and in need of treatment because of a mental disorder that makes it likely he will engage in acts of sexual violence in the future. Wis. Stat. § 980.01(7); *State v. Carpenter*, 541 N.W.2d 105 (Wis. 1995). The Supreme Court has upheld civil commitment for such purposes. *See Kansas v. Hendricks*, 521 U.S. 346 (1997). Given the reason for his commitment, it is entirely appropriate that the state encourage Chapter 980 detainees to participate in treatment. The fact that plaintiff's refusal to participate is met by the withdrawal of privileges does not state a constitutional claim. *McKune v. Lile*, 536 U.S. 24 (2002); *Laxton*, 348 F. Supp.2d at 1030. And to the extent plaintiff's claim is that a refusal to participate in treatment will prevent his release and lengthen the duration of his confinement, his remedy is not a civil rights suit under 42 U.S.C. § 1983, but a petition for habeas corpus under 28 U.S.C. § 2254. *See Prieser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

**IT IS THEREFORE ORDERED** that plaintiff's request to proceed *in forma pauperis* is granted.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** for failure to state a claim..

Dated this      11th      day of September, 2006.

                                           s/ William C. Griesbach
                                           William C. Griesbach
                                           United States District Judge